Eastern District of Kentucky
**FILED**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON

OCT 0 3 2005

AT LEXINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

CIVIL ACTION NO. 04-20-JBT

UNITED STATES OF AMERICA,                                          PLAINTIFF

V.                              **MEMORANDUM OPINION AND ORDER**

MPM FINANCIAL GROUP, INC., and
MICHAEL P. MORTON, President, MPM
Financial Group, Inc.,                                          DEFENDANTS

\* \* \* \* \*

## I. INTRODUCTION

On May 27, 2005, the court granted plaintiff's motion for summary judgment against defendant MPM Financial Group, Inc. (hereafter "MPM"), and awarded plaintiff judgment against MPM in the amount of $29,233.25, plus the 50% statutory penalty in the amount of $14,616.62, for a total judgment of $43,849.87, plus post-judgment interest at the applicable legal rate. See DE ##50, 51.

This matter is before the court on plaintiff's motion for reconsideration of the foregoing judgment entered in plaintiff's favor and for an increase of said judgment from $43,849.87 to $77,058.78, plus statutory additions accruing after March 31, 2005, and post-judgment interest. Essentially, plaintiff's motion is a motion for additur. Plaintiff's motion for reconsideration has been fully briefed and is ripe for review.

## II. FACTUAL BACKGROUND

In the interests of judicial economy, the court incorporates by reference the Factual Background of this action detailed in Section II of the Memorandum Opinion entered on May 27, 2005 [DE #50] as though fully set out herein.

## III. PLAINTIFF'S MOTION FOR RECONSIDERATION

As grounds for its motion for reconsideration of the judgment entered herein on May 27, 2005, and for an upward adjustment of same, plaintiff contends that (1) the 30-day notice period

under 26 U.S.C. § 6331(d)(2) does not toll the attachment of the levy because its application is irrelevant to the circumstances of the present action, (2) the $1,050 exemption used by the court is not the correct exemption that should have been used, pursuant to the Internal Revenue Code, in this case, and (3) the judgment did not include interest accruing under the Internal Revenue Code.  For all of these reasons, plaintiff asserts that the judgment entered in its favor on May 27, 2005, should be increased to $77,058.78.

Defendant MPM opposes plaintiff's motion for reconsideration, noting that while it disagreed with the denial of its own motion for summary judgment and the imposition of *any* damages against it in the first instance, based on the circumstances of this case, plaintiff is not entitled to any upward adjustment of its judgment.

**A.     the 30-day notice period under 26 U.S.C. § 6331(d)**

In its original assessment of this matter, the court focused on the 30-day advance notice requirement set out in 26 U.S.C. § 6331(d)(1), which specifies that before a levy may be made upon salary or wages, the IRS must notify the taxpayer of its intention to issue such a levy.  26 U.S.C. § 6331(d)(2) further specifies that this notice must be made at least thirty days in advance of the issuance of the levy.  More particularly, 26 U.S.C. § 6331(d)(2) provides, as follows:

**(d) Requirement of notice before levy. --**

. . .

**(2) 30-day requirement.**  – The notice required under paragraph (1) shall be –
   **(A)** given in person,
   **(B)** left at the dwelling or usual place of business of such person, or
   **©)** sent by certified or registered mail to such person's last known address,
no less than 30 days before the day of the levy.

26 U.S.C. § 6331(d)(2).

Initially, the court interpreted the foregoing notice requirement to mean that once a levy was issued, the levy would have no effect on the taxpayer's salary or wages for a thirty-day period.  Based on that assumption, the court further concluded that since the levy is dated August 23, 2000, and was mailed to MPM on August 23, 2000, MPM would not have been obligated to begin compliance with

2

the levy until September 22, 2000, thirty days after the levy was issued. However, upon reconsideration of the statutory scheme in its entirety, the court is persuaded by plaintiff's argument that while the thirty-day advance notice is a prerequisite to the issuance of a levy, it does not toll the levy's attachment, as the court had previously concluded, and that once a levy is issued, it attaches and is effective upon issuance, as seen from 26 U.S.C. § 6331(e), which provides: "The effect of a levy on salary or wages payable to or received by a taxpayer shall be continuous *from the date such levy is first made*." (emphasis added). *See Rowley v. United States*, 866 F.Supp. 1024, 1027 (E.D. Mich. 1994); *Simpson v. United States*, 815 F.Supp. 1444, 1445-46 (N.D. Fla. 1992).

Based on the court's original, erroneous conclusion that a levy did not become effective for a period of thirty days after issuance, the court did not include MPM's payments to Morton on August 30, 2000, and September 15, 2000, in arriving at the amounts MPM was obligated to withhold from Morton's salary and remit to the IRS in compliance with the levy. Since the levy is dated August 23, 2000, and apparently was placed in the mail to MPM on that date or the day thereafter, it is more likely than not that MPM received this levy prior to August 30, 2000.[1] Additionally, since the statute specifies that a levy is effective continuously from the date it is made, as a matter of law, the levy had attached to Morton's salary MPM paid to him on August 30 and September 15. Thus, the court erred in not including the August 30 and September 15 payments to Morton in calculating the award of damages to plaintiff.

Consequently, plaintiff's motion for reconsideration vis-a-vis the thirty-day notice period has merit.

**B.     the exemption employed by the court in calculating plaintiff's damages**

Plaintiff also contends that the court erred in using an exemption of $1,050 in arriving at the amount of Morton's salary that was exempt from the levy for each of the pay periods in question and that the correct exemption that should have been used in this case, pursuant to the Internal

---

[1] Revenue Officer Paul Hert testified that Morton acknowledged to him that he had received this levy. (Hert Depo., p. 45). However, since Morton failed to appear for his deposition, there is no proof of record as to the exact date Morton received this levy.

Revenue Code, is the default exemption (married filing separately with only one personal exemption) since Morton did not provide written verification to the IRS as to the number of exemptions to which he was entitled.

26 U.S.C. § 6334 concerns property that is exempt from a levy. 26 U.S.C. § 6334(d) concerns the amount of wages, salary, or other income that is exempt from levy, and subsection (2) thereof provides a formula for calculating the exemption. 26 U.S.C. § 6334(d)(2) concludes with the following paragraph:

> Unless the taxpayer submits to the Secretary a written and properly verified statement specifying the facts necessary to determine the proper amount under subparagraph (A), subparagraph (A) shall be applied as if the taxpayer were a married individual filing a separate return with only 1 personal exemption.

26 U.S.C. § 6334(d)(2).

The "default exemption" is also explained in the Declaration of William Keeling, the IRS Revenue Officer to whom Michael P. Morton's case was assigned upon the retirement of Revenue Officer Paul Hert, and why the "default exemption" is applicable in this case, as seen below:

> 5. The appropriate exemption for determining the amount of property that should have been turned over in accordance with the levy is the "married and one exemption" category. In the forms accompanying the levy, the taxpayer is given the opportunity to claim exemptions to the levy, and then the taxpayer's employer submits that paperwork to the United States. If the taxpayer fails to claim exemptions, the default exemption of "married and one exemption" is applied. The employer must use this default exemption in determining the amount of property to withhold from the taxpayer's wages. The withheld property must then be turned over to the United States in accordance with the levy. Because it is my understanding that Morton never claimed any exemptions and MPM Financial Group, Inc., never returned any of the forms to the United States, the default category of married and one exemption is to be applied in determining the amount of property the defendants were required to turn over to the United States in accordance with the August 23, 2000 levy.

Declaration of William Keeling, ¶ 5 - DE #29.

There is no evidence of record that Morton ever submitted any paperwork to his employer, MPM, concerning the number of exemptions to which he believed he was entitled. Likewise, there is also no evidence of record that MPM ever submitted any paperwork to the United States

4

concerning Morton's claimed exemptions.  Thus, in the absence of any paperwork to verify that Morton was entitled to any particular number of exemptions, by default, the exemption applicable to Morton's salary is the "married filing separately with one exemption."

Consequently, plaintiff's motion for reconsideration concerning the correct exemption amount has merit.  Previously, the court erroneously employed the exemption amount of $1,050 when calculating plaintiff's damages.  Upon further consideration, the court concludes that the correct exemption amounts are utilized in the spreadsheet prepared by Revenue Officer William Keeling, which is attached as Government Exhibit 2 to his Declaration.

**C.      The omission from the judgment of interest accrued under the Internal Revenue Code**

Plaintiff also asserts that since MPM failed to honor the levy in question, its award of damages should have included the statutory interest, in accordance with 26 U.S.C. § 6621, since interest is a component of its statutory damages authorized by 26 U.S.C. § 6332(d)(1).

Plaintiff correctly notes that the judgment entered on May 27, 2005, did not include an award of statutory interest; however, the failure to include an award of statutory interest was inadvertent. Although it may appear to MPM to be inequitable and to "add insult to injury," for all of the reasons stated in the original Memorandum Opinion entered on May 27, 2005, the court concludes that plaintiff's statutory damages must necessarily include both the 50% penalty and statutory interest.

Consequently,  plaintiff's motion for reconsideration concerning the omission of statutory interest has merit.  Upon further consideration, the court concludes that the correct amounts of statutory interest are contained in the spreadsheet prepared by Revenue Officer William Keeling, which is attached as Government Exhibit 2 to his Declaration, which also incorporates the applicable statutory interest in calculating plaintiff's total damages.

### IV. CONCLUSION

For all of the reasons stated above, the court concludes that plaintiff's motion for reconsideration should be granted.  Based on the spreadsheet prepared by Revenue Officer William Keeling, which is attached as Government Exhibit 2 to his Declaration and reflects his methodology

in calculating plaintiff's damages, the court concludes that plaintiff's judgment against MPM should be increased from $43,849.87 to $77,058.78, plus applicable statutory additions accruing after March 31, 2005, and post-judgment interest at the applicable legal rate.

However, in the event plaintiff has satisfied, in whole or in part, the default judgment it obtained against defendant Michael P. Morton on April 25, 2005, in the amount of $77,058.78, plus statutory additions accruing after March 31, 2005, plaintiff is not entitled to recover the same amounts from MPM. In other words, in respect to Michael P. Morton's tax liability, plaintiff is entitled to recover from Morton and/or MPM a total of $77,058.78, plus applicable statutory additions accruing after March 31, 2005, and post-judgment interest at the applicable legal rate. It should be clear that the liability between Morton and MPM is joint and several. Plaintiff is entitled to a total of $77,058.78, plus applicable statutory additions accruing after March 31, 2005, and post-judgment interest at the applicable legal rate; however, plaintiff is not entitled to double recovery from both Morton and MPM.

Accordingly, **IT IS HEREBY ORDERED** that plaintiff's motion for reconsideration of the judgment entered on May 27, 2005 [DE #50] is **GRANTED**, and an Amended Order and Judgment in conformity with this Memorandum Opinion will be entered on the same date herewith.

This ___3 RD___ day of October, 2005.

JAMES B. TODD,
UNITED STATES MAGISTRATE JUDGE

6