Eastern District of Kentucky
**FILED**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON

**MAR 2 3 2006**

AT LEXINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

CIVIL ACTION NO. 04-20-JBT

UNITED STATES OF AMERICA,                                                    PLAINTIFF

V.                          **MEMORANDUM OPINION AND ORDER**

MPM FINANCIAL GROUP, INC., and
MICHAEL P. MORTON, President, MPM
Financial Group, Inc.,                                                       DEFENDANTS

\* \* \* \* \*

## I. INTRODUCTION

On October 3, 2005, the court granted plaintiff's motion for reconsideration of the amount of the judgment awarded to plaintiff against defendant MPM Financial Group, Inc. (hereafter "MPM"), which the court construed as a motion for additur, and awarded plaintiff judgment against MPM in the amount of $77,058.78, plus statutory additions accruing after March 31, 2005, plus post-judgment interest at the applicable legal rate. See DE ## 62, 63.

This matter is before the court on MPM's motions, filed pursuant to Fed.R.Civ.P. 59, 60, and 62, to alter, amend or vacate the foregoing judgment entered on October 3, 2005, and/or to stay enforcement of said judgment and to set a discovery schedule. [DE ##65, 66]. MPM's motions have been fully briefed and are ripe for review.

## II. FACTUAL BACKGROUND

In the interests of judicial economy, the court incorporates by reference the Factual Background of this action detailed in Section II of the Memorandum Opinion entered on May 27, 2005 [DE #50] as though fully set out herein.

## III. MPM'S MOTION TO ALTER, AMEND OR VACATE JUDGMENT

As grounds for its motion to alter, amend or vacate judgment, MPM states that it recently learned that subsequent to her divorce from defendant Michael P. Morton ("Morton"), Pamela Morton (now Pamela Morton Mullins), Morton's ex-wife, filed separate and/or amended federal

income tax returns for the years 1989 - 1995, the same tax years covered by the levy at issue herein which the Internal Revenue Service ("IRS") sent to MPM on or about August 23, 2000, advising MPM that Morton owed the IRS $104,009.54, including interest and late payment penalties, for unpaid federal income taxes for the years 1989 - 1995, inclusive. MPM also states that it has learned that Pamela Morton is expected to receive "innocent spouse relief" from the IRS in relation to Morton's federal income tax liability for the years 1989 - 1995, inclusive. MPM surmises that with the amended and/or separate filing of federal income tax returns by Pamela Morton for the years in question and/or the innocent spouse relief afforded Pamela Morton, Morton's federal income tax obligations for these same years could have changed and been decreased; therefore, plaintiff's judgment against it should be amended to reflect the decreased income tax liability of Morton.

Plaintiff opposes MPM's motion to alter, amend or vacate judgment, arguing that MPM's motion to amend, alter or vacate judgment is based on faulty premises. Specifically, plaintiff points out that contrary to MPM's belief, Pamela B. Morton, Morton's ex-wife, has not filed any amended federal income tax returns for the years 1989 - 1995, and that even if Morton's ex-wife, Pamela B. Morton, has sought and obtained "innocent spouse relief" from the IRS for the Morton's joint income tax liability for the years 1989 - 1995, such relief would not alter the underlying tax obligation the Mortons owed to the United States and that such relief simply relieves one spouse of personal liability for that debt. For this reason, plaintiff contends that any "innocent spouse relief" Pamela B. Morton may have received does not provide a basis for amending the judgment.

A.    **the issue concerning the filing of amended income tax returns by Pamela B. Morton**

The ambiguity in the record as to whether Morton's ex-wife, Pamela B. Morton, filed any amended federal income tax returns, subsequent to her divorce from Morton, for the years 1989 - 1995, was resolved by the affidavit of IRS Revenue Officer William Keeling, the IRS agent currently assigned to this case, which was filed herein on March 22, 2006, which states in relevant part, as follows:

> 2. I am aware that the Court in an order filed March 2, 2006, ordered me to submit a statement as to whether Pamela Morton Mullins (Michael Morton's former spouse)

filed amended Federal income tax returns for the years 1989 to 1995. I conducted three activities to determine whether Pamela Mullins had filed any amended returns for 1989 to 1995.

3. First, I reviewed the tax transcripts for Michael Morton and Pamela Mullins for the tax years 1989 to 1995. Because Michael Morton and Pamela Mullins filed joint tax returns for these years, their tax liabilities would be contained on the same tax transcripts. I reviewed their joint tax transcripts for the years 1989 to 1995, and the joint tax transcripts do not indicate that Pamela Mullins filed any amended returns.

4. Second, I ran a search on the IRS database only under Pamela Mullins' social security number for the tax years 1989 to 1995. The joint tax liabilities for Pamela Mullins and Michael Morton, which were reflected under Michael Morton's social security number, are also reflected under Pamela Mullins' social security number for the years 1989 to 1995. The tax transcripts for Pamela Mullins under her social security number do not reflect that she filed amended Federal income tax returns for the years 1989 to 1995.

5. Third, I reviewed the case history for Michael Morton and Pamela Mullins. The case history reflects all activities that IRS employees take with regard to the outstanding Federal income debts of Michael Morton and Pamela Mullins. The case history does not indicate that Pamela Mullins filed amended returns for the 1989 to 1995 tax years.

6. In response to the Court's request, from the information that I reviewed, Pamela Morton Mullins has not filed amended Federal income tax returns for the years 1989 to 1995.

Second Declaration of William Keeling, pp. 1-2, 3/21/06 - DE #72.

The court concludes that the foregoing affidavit of case agent William Keeling resolves any ambiguity in the record concerning whether Pamela M. Morton Mullins has filed any amended federal income tax returns for the years 1989 to 1995. The fact that Pamela B. Morton Mullins has not filed any amended federal income tax returns for these years nullifies MPM's argument that Morton's federal income tax debt for the years 1989 to 1995 may have been decreased by any amended tax returns filed by Pamela B. Morton Mullins for these same years. MPM's belief that Pamela Morton Mullins had filed amended tax returns for these years appears to have been based on erroneous information it obtained from Morton.

**B.      Innocent spouse relief**

Plaintiff acknowledges that Pamela B. Morton has applied for and is in the process of receiving a release from the Mortons' federal income tax liability for the years 1989 through 1995,

3

the years in which the Morton and Pamela B. Morton were married and filed joint federal income tax returns. Title 26 U.S.C. § 6013 provides that a husband and wife are jointly and severally liable for tax debts arising from the filing of a joint return; however, under certain circumstances, the IRS may relieve a spouse of liability stemming from a jointly filed tax return. See 26 U.S.C. § 6015. Such relief is commonly referred to as "innocent spouse relief."

Nevertheless, "innocent spouse relief" does not reduce the underlying tax liability; such relief *only* releases the affected spouse from joint and several liability. See 26 C.F.R. 6015-1(a)(1) ("A spouse or former spouse <u>may be relieved of joint and several liability</u> for Federal income tax." (emphasis added); *Cheshire v. C.I.R.*, 282 F.3d 326, 331-32 (5th Cir. 2002). It is important to note that the underlying tax obligation owed to the United States is not decreased or changed in any way whenever one spouse receives "innocent spouse relief." The only effect resulting from "innocent spouse relief" is that one of the spouses is relieved of personal liability for the underlying tax debt.

Thus, the fact that Pamela B. Morton has sought and may have obtained "innocent spouse relief" from the IRS in respect to the Mortons' tax debt owed to the United States for the years 1989 through 1995 is irrelevant to this action, as it has no impact on the Mortons' federal income tax obligation that lead to the issuance of the levy issued to MPM that is the subject of this action.

## IV. MPM'S MOTION TO STAY ENFORCEMENT OF JUDGMENT

MPM has also moved to stay enforcement of the judgment entered on October 3, 2005, and to set a discovery schedule in this matter. This motion is based on MPM's belief that Pamela B. Morton, Morton's ex-wife, has filed amended federal income tax returns for the years 1989 - 1995, subsequent to her divorce from Morton, and that these amended income tax returns may have reduced Morton's overall tax obligation to the United States that was the subject of the levy issued to MPM, which resulted in the present action and the judgment against it. Another basis for this motion advanced by MPM is its belief that Pamela B. Morton has sought and is in the process of receiving "innocent spouse relief" on the Mortons' underlying federal income tax obligation for the years 1989 through 1995. MPM contends that any "innocent spouse relief" afforded to Pamela B.

4

Morton on the subject income tax obligation of the Mortons may also impact the Mortons' underlying tax obligation to the United States, which may, in turn, may operate to decrease the judgment entered against it herein.

As noted above, MPM is of the mistaken belief that Pamela B. Morton has filed any amended federal income tax returns for the years 1989 through 1995; therefore, the Morton's underlying tax obligation that was the subject of the levy issued to MPM has not changed.   Additionally, any "innocent spouse relief" afforded to Pamela B. Morton by the IRS on the Mortons' underlying tax obligation to the IRS for the years 1989 through 1995 only operates to relieve Pamela B. Morton of any individual liability on this tax debt and does not operate to decrease this tax obligation.

Consequently, the court concludes that there is no good reason to stay enforcement of the judgment and to set a discovery schedule in this matter.

## V.  CONCLUSION

For all of the reasons stated above, the court concludes that MPM's motions filed pursuant to Fed.R.Civ.P. 59, 60, and 62, to alter, amend or vacate the foregoing judgment entered on October 3, 2005, and/or to stay enforcement of said judgment and to set a discovery schedule should be denied.

Accordingly, **IT IS HEREBY ORDERED** that the motions of defendant MPM Financial Group, Inc., filed pursuant to Fed.R.Civ.P. 59, 60, and 62, to alter, amend or vacate the judgment entered on October 3, 2005, and/or to stay enforcement of said judgment and to set a discovery schedule [DE ## 65, 66] are **DENIED**.

This ___23RD___ day of March, 2006.

JAMES B. TODD,
UNITED STATES MAGISTRATE JUDGE

5